Case 2:19-cv-00442-JES-M_M   Document 3   Filed 06/28/19   Page 1 of 4 PageID 91
Case 2:19-cv-00442-JES-MRM   Document 1-1   Filed 06/27/19   Page 1 of 6 PageID 6

Filing # 89601631 E-Filed 05/15/2019 07:12:37 PM

IN THE CIRCUIT COURT FOR THE 20th JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CMR CONSTRUCTION & ROOFING, LLC A/A/O LAWRENCE FARRINGTON,

    Plaintiff,

vs.

ASI PREFERRED INSURANCE CORP.,

    Defendant.
_____/

CASE NUMBER

## COMPLAINT FOR DAMAGES

Plaintiff, CMR CONSTRUCTION & ROOFING, LLC A/A/O LAWRENCE FARRINGTON ("CMR" or "Plaintiff"), files this Complaint for Damages against Defendant, ASI PREFERRED INSURANCE CORP. ("ASI" or "Defendant"), and alleges:

1. This is an action that seeks damages in excess of this Honorable Court's minimum jurisdiction, fifteen thousand dollars ($15,000.00), exclusive of interest, costs, or attorney's fees.

2. CMR is a corporation with its principal address and mailing address located in Montana, and its registered agent's address located in Leon County, Florida. CMR conducts business, has offices, and/or maintains agents for the transaction of its customary business in Lee County, Florida, and it is otherwise *sui juris*.

3. Defendant is an insurance company that is authorized to and does provide property insurance throughout the State of Florida. Defendant conducts business, has offices, and/or maintains agents for the transaction of its customary business in Lee County, Florida, and it is otherwise *sui juris*.

4. LAWRENCE FARRINGTON ("the Insured") was issued a policy of insurance ("the



Policy") by Defendant that insured the property located at 28512 Chianti Terr, Bonita Springs, Florida 34135 ("the Property"). The Policy bears policy number FLP113948 and it insured the Property at all times relevant hereto. CMR is not in possession of the Policy, but Defendant is in possession of the Policy. A copy of the Policy will be filed upon receipt of same from Defendant during the discovery phase of this matter.

5. Within the effective dates of coverage, on September 12, 2017, the Property sustained significant damage caused by wind and rain associated with Hurricane Irma ("the Loss"), a covered cause of loss under the Policy.

6. The Loss was timely reported to Defendant, who assigned Claim Number 588247-181013 to the Loss ("the Claim").

7. In order to mitigate the damages to the Property and restore the Property to its pre-loss condition, the Insured hired CMR to perform services related to the repair of the Property. In exchange for the services, the Insured agreed to assign his rights to insurance benefits to CMR insofar as it pertained to CMR'S services. *A copy of the Contract is attached hereto as Exhibit A.* The Insured also agreed to authorize and direct Defendant to directly pay CMR for its services rendered. *Id.*

8. In addition to the written Contract, CMR brings this action by virtue of an equitable assignment of benefits. Specifically, the Insured intended to assign CMR a portion of his rights to the Policy's proceeds in order for CMR to perform under the contract and AOB. CMR's services: (i) directly benefit the Insured; (ii) were performed in exchange for an assignment of benefits and the right to receive direct payment from Defendant; and (iii) continue to be performed in exchange for an assignment of benefits and the right to receive direct payment from Defendant.



Case 2:19-cv-00442-JES-M_M Document 3 Filed 06/28/19 Page 3 of 4 PageID 93
Case 2:19-cv-00442-JES-MRM Document 1-1 Filed 06/27/19 Page 3 of 6 PageID 8

Page 3 of 5

9. CMR notified Defendant that it is in possession of an assignment of benefits and provided Defendant with a copy of its Contract and AOB, which clearly and unequivocally assign specified Policy-based benefits as well as the right to receive direct payment from Defendant.

10. Additionally, Defendant has been provided with notice that there is a disagreement with regard to the decision made on the Claim. Specifically, although Defendant acknowledged that there is coverage for the damages to the Property it failed to: (i) acknowledge coverage for all damages to the Property and (ii) pay the full amount owed under the Policy for the covered damages. To date, Defendant has failed to fully tender all Policy proceeds due and owing.

11. The cause of action accrued in Lee County, where Defendant breached the Policy, and failed to tender all amounts due and owing.

12. The Insured has performed all conditions precedent to filing suit or, alternatively, all such conditions have been waived by Defendant.

13. Due to Defendant's refusal to fully indemnify CMR, CMR has been required to retain the services of undersigned counsel. Accordingly, pursuant to Florida Statutes §627.428, §626.9373, and other authority, CMR is entitled to recover reasonable attorney's fees incurred in connection with the Loss and this Lawsuit.

## COUNT I – BREACH OF CONTRACT

CMR re-incorporates and re-alleges the allegations contained within Paragraphs 1 through 13 as if fully set forth within.

14. Pursuant to the terms and conditions of the Policy, Defendant was obligated to indemnify CMR for damages sustained to the Property as a result of Hurricane Irma.

15. Defendant acknowledged that the Property sustained significant covered damages. However, Defendant: (i) underestimated the costs necessary to make all repairs in order to place



Page 4 of 5

the Property in its pre-Irma condition and (ii) failed to acknowledge coverage for all covered damages sustained to the Property.

16. Defendant was notified of the dispute by CMR, and it was provided with a detailed, itemized quote for replacement of the roof with accurate pricing and scope of repair as well as supportive documentation. Nevertheless, Defendant refused to tender any additional proceeds.

17. As a result, Defendant breached the Policy by failing to tender all insurance proceeds owed to CMR.

18. As a direct and proximate result of Defendant's failure to honor its obligations to fully indemnify CMR and to insure the Property, CMR has incurred significant damages.

WHEREFORE, CMR demands judgment for damages against Defendant, pre-judgement interest, post-judgment interest, attorney's fees, costs, and any further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

CMR hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

TINELLI FERNANDEZ, PLLC
2600 South Douglas Road, Suite 302
Coral Gables, Florida 33134
Telephone. (305) 735-3800
Facsimile (305) 370-6750

By: /s/ Anthony J. Tinelli
ANTHONY J. TINELLI
Florida Bar Number 959901
Tinelli@Tinellilaw.com
Thompson@Tinellilaw.com

ASHLEY RIUS
Florida Bar Number 121656
Rius@TinelliLaw.com
Thompson@Tinellilaw.com

